IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JONATHAN IRIZARRY, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO.: |
| | § | |
| RUST-OLEUM CORPORATION, BALL | § | |
| CORPORATION, AUTOZONE, INC., | § | |
| ALAN MUJICA, AUTOZONE WEST, | § | |
| LLC, AUTOZONE TEXAS, LLC, AND | § | |
| AUTOZONE PARTS, LLC, | § | |
| *Defendants*. | § | |

## DEFENDANT RUST-OLEUM CORPORATION'S
## NOTICE OF REMOVAL

**TO THE HONORABLE U.S. DISTRICT JUDGE:**

COMES NOW, Defendant Rust-Oleum Corporation (**"Defendant"** or **"Rust-Oleum"**), and pursuant to 28 U.S.C. § 1332, 1441(a), and 1446(a), removes this case from the 101st Judicial District Court of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division.  In support of this removal, Defendant respectfully offers this Court the following:

## I.
## BRIEF FACTUAL AND PROCEDURAL BACKGROUND

**1.**      In this product-liability lawsuit, Plaintiff Jonathan Irizarry (**"Plaintiff"**) alleges that on May 26, 2018, a can of Rust-Oleum "Specialty Color Shift" spray paint "unexpectedly exploded in his hand, brutally injuring his face and right eye" at the Alamo Buckner Self-Storage facility located in Dallas, Texas. *See* **Exhibit C** (Pl. Orig. Pet.) at ¶ 9.  Plaintiff alleges he purchased the subject can of spray paint the day before the incident from an AutoZone store in Dallas, Texas.

*Id.*, ¶ 10.  Plaintiff further contends that separate defendant Ball Corporation supplied Rust-Oleum with the subject spray paint can. *Id.*

**2.**     On May 22, 2020, Plaintiff filed this lawsuit in the 101ˢᵗ Judicial District Court of Dallas County, Texas. *See* **Exhibit C**.  Plaintiff named the following defendants: **(a)** Rust-Oleum Corporation; **(b)** Ball Corporation; **(c)** four AutoZone entities (AutoZone, Inc., AutoZone West, LLC, AutoZone Texas, LLC, and AutoZone Parts, Inc.) (collectively, "AutoZone"); and **(d)** Alan Mujica, who Plaintiff contends is the store manager of the AutoZone where Plaintiff purchased the subject spray paint can. *Id.*

**3.**     Plaintiff asserts claims of design defect, manufacturing defect, marketing defect, negligence, and breach of warranty of merchantability against Rust-Oleum and Ball Corporation. *Id.*, at 5-10.  Against the AutoZone entities, Plaintiff brings claims of failure to warn, negligence, and breach of warranty.  *Id.*, at 10-12.  Against Defendant Mujica, Plaintiff brings claims of failure to warn and negligence. *Id.*, at 10-11.

**4.**     Within 30 days of service, and also within 30 days of learning there is no reasonable basis to predict Plaintiff could recover from the only non-diverse defendant, Alan Mujica, Defendant timely files this Notice of Removal.

**II.**
**GROUNDS FOR REMOVAL**

**5.**     Removal is proper because subject-matter jurisdiction is established under 28 U.S.C. §1332(a).

    **A.**     **Amount in Controversy Exceeds $75,000**

**6.**     The amount in controversy in this lawsuit exceeds the sum or value of $75,000.00, as Plaintiff expressly alleges he "is seeking monetary relief over $1,000,000.00" *See* **Exhibit C** (Pl. Pet.) at ¶ 2.

**B.    Complete Diversity of Citizenship.**

**7.**    There is also complete diversity of citizenship between Plaintiff and the properly joined Defendants at the time the underlying action was filed and at the time of removal because:

    **a.**    Plaintiff is a citizen of Texas.  *Id.* at ¶ 3.

    **b.**    Rust-Oleum is citizen of Delaware and Illinois.  Rust-Oleum is not a citizen of Texas.

    **c.**    Ball Corporation is an Indiana corporation with its principle place of business in Broomfield, Colorado, and thus is a citizen of Indiana and Colorado for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).  Ball Corporation is not a citizen of Texas.

    **d.**    AutoZone is citizen of Nevada.  AutoZone is not a citizen of Texas.

**8.**    Defendant Alan Mujica (**"Mujica"**) is a citizen of Texas but Mujica's citizenship must be disregarded for purposes of determining diversity of citizenship because he has been improperly joined as a defendant in this lawsuit. *Id.* at ¶ 3; *see also, e.g., Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).  Plaintiff fails to state a claim upon which he has a possibility of recovery against Mujica.

Generally, "a negligence finding against an individual does not automatically result in individual liability when the individual was acting as the agent or employee of a corporation." *Tri v. J.T.T.*, 162 S.W.3d 552, 562 (Tex. 2005). "Under the current state of the law in Texas, an employee may not be held individually liable unless he breaches an independent duty of care he owed to the injured party separate from his employer's duty." *Rios v. Cooper Tire & Rubber Co.*, 2015 WL 12762259, at *4 (E.D. Tex. Apr. 30, 2015); *see also Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996) ("[I]ndividual liability arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty.").

Moreover, under Texas law, a retail employee is not properly joined in a negligence suit when the state court petition fails to allege that the employee owed the plaintiff an independent duty of care separate and apart from the duties owed by the retail store. *See In re Butt*, 495 S.W.3d 455, 466 (Tex. App. 2016); *see also McKinney v. Home Depot, U.S.A., Inc.*, 2006 WL 2947324, at *3 (N.D. Tex. Oct. 13, 2006). District courts have routinely applied *Leitch* and *Tri* to find improper joinder when a store manager is joined with a corporate defendant in a negligence case. *See Solis v. Wal-Mart Stores E., L.P.,* 617 F. Supp. 2d 476, 480 (S.D. Tex. 2008) (holding that the store manager, who had no personal involvement in creating the dangerous condition, owed no independent legal duty to injured patron and was improperly joined); *Allen v. Home Depot U.S.A., Inc.*, No. SA–04–CV–703–XR, 2004 WL 2270001, at *3 (W.D. Tex. Oct. 6, 2004) (finding no valid negligence action against otherwise uninvolved store manager, and dismissing store manager as an improperly joined defendant); *Palmer v. Wal-Mart Stores, Inc.,* 65 F. Supp. 2d 564, 567 (W.D. Tex. 1999) (explaining store patron could not state a valid negligence claim against store manager in improper joinder analysis).

Therefore, in order to establish a cause of action against Mujica for his alleged workplace negligence, Plaintiff must plead facts which support a finding of the breach of an independent duty by Mujica. *See Leitch*, 935 S.W.2d at 114. The Court must examine the assertions contained in the pre-removal Petition to determine whether Plaintiff has asserted a claim upon which he has a possibility of recovery. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)*.*

Plaintiff's Original Petition is entirely void of facts establishing a possibility of recovery against Mujica as the store manager of AutoZone under Texas law. In his Petition, Plaintiff asserts only that "Defendant Alan Mujica was and still remains the manager of this AutoZone." *See* **Ex.**

C., ¶ 10. Plaintiff alleges no facts whatsoever that Mujica was personally involved in conduct causing Plaintiff's alleged injuries or that Mujica owed an independent duty to Plaintiff. *See Dargan v. Bridgestone Retail Operations, LLC*, 5:17-CV-470-DAE, 2018 WL 8546112, at *3 (W.D. Tex. Mar. 13, 2018) (denying motion to remand and finding no possibility of recovery against store manager for negligence claim where plaintiff alleged no facts supporting theory that store manager had some personal involvement over alleged negligent repair of vehicle, that store manager personally exercised control over the vehicle during its repair, or that store manager was otherwise "directly and personally involved in conduct that caused plaintiff's injuries"); *Kerr v. Target Corp.*, 4:15CV13, 2015 WL 2227790 (E.D. Tex. May 11, 2015) (denying motion to remand in premises liability case where plaintiff did not allege store manager had direct or personal involvement in the incident or any facts indicating store manager owed plaintiff a duty of reasonable care separate from duty owed by store itself); *Lyle v. 24 Hour Fitness, USA, Inc.*, 2014 WL 5094126, *4 (W.D. Tex. October 10, 2014) (" [In] all cases in which remand was granted, the courts pointed to the fact that the pleadings alleged the ... agent played a personal role in creating the dangerous condition at issue, whereas in those in which remand was denied none of the managers were alleged to have had any personal role in creating the danger.").

The allegations set forth in Plaintiff's Petition – even taken in the light most favorable to Plaintiff – fail to establish Mujica in his individual capacity owed an independent duty to Plaintiff that would subject Mujica to personal liability. As such, Plaintiff's Petition fails to establish a reasonable possibility of recovery against Mujica under Texas law. Because there is no possibility that Plaintiff can recover against Mujica, he was improperly joined and should be dismissed as a defendant to this action.

Further – and as to Plaintiff's cause of action for failure to warn against Mujica – Texas Civil Practice & Remedies Code section 82.003 provides that a seller that did not manufacture a product is not liable for harm caused to the claimant by that product unless the claimant proves that one of seven exceptions apply. Here, Plaintiff fails to sufficiently plead facts that establish any exception applies.

A party may establish improper joinder in one of two ways: "'(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *See Smallwood,* 385 F.3d at 573 (quoting *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003)). The Court must decide the issue by conducting either "a Rule 12(b)(6)-type analysis" examining the allegations of a plaintiff's petition to determine whether the petition sufficiently states a claim under state law against a non-diverse defendant, or piercing the pleadings and conducting "a summary-judgment type analysis." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd*., 818 F.3d 193, 200 (5th Cir. 2016) (quoting *Smallwood*, 385 F.3d at 573). While both tests are capable of establishing the improper joinder of Mujica, the appropriate analysis to employ here is the "12(b)(6)-type analysis" test. Under this test, a party is improperly joined when "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. It is not sufficient for a plaintiff to show there is a "mere theoretical possibility of recovery under local law." *Badon v. RJR Nabisco Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000).

This is a products liability action. *See* TEX. CIV. PRAC. & REM. CODE § 82.001(2) ("A 'products liability action' means any action against a manufacturer or seller for recovery of damages arising out of personal injury, death, or property damage allegedly caused by a defective product whether the action is based in strict tort liability, strict products liability, negligence,

misrepresentation, breach of express or implied warranty, or any other theory or combination of theories."). Plaintiff's joinder of Mujica here is improper because Plaintiff has failed to plead facts or otherwise establish that the non-diverse defendant may be liable under Texas law. As a non-manufacturing seller, Mujica is statutorily exempt from liability to Plaintiff under Section 82.003 of the Texas Civil Practice & Remedies Code. That statute expressly provides: "A seller that did not manufacture a product is not liable for harm caused to the claimant by that product," unless the claimant proves that one of the seven exceptions listed in section 82.003(a) applies in the particular case. *See* Tex. Civ. Prac. & Rem. Code § 82.003(a); *see also State Farm Lloyds v. Polaris Indus., Inc.*, No. 6-12-19, 2012 WL 3985128, at *2 (S.D. Tex. Sept. 11, 2012) ("Texas federal district courts have held that any theory of recovery pleaded against a nonmanufacturing seller must satisfy one of the seven immunity exceptions contained in section 82.003(a), even if the allegations would otherwise state a valid claim under Texas law."). This includes claims for negligence against a non-manufacturing seller. *See id*. at § 82.001(2); *see also Garcia v. Nissan Motor Co.*, No. CIV.A. M- 05-59, 2006 WL 869944, at *6 (S.D. Tex. Mar. 30, 2006); *Casas v. The Tire Corral, Inc.*, No. CIV.A. M-04-123, 2005 WL 6773889, at *6 (S.D. Tex. Mar. 31, 2005).

For these reasons, Mujica's citizenship must be disregarded for purposes of determining whether diversity exists in this case.

### III.
### CONSENT

**9.**    Rust-Oleum's counsel has conferred with Ball Corporation's counsel, and Ball Corporation has expressly consented to removal of this case to federal court.  Rust-Oleum's counsel has also conferred with counsel for the AutoZone entities, and AutoZone has expressly consented to removal of this case. Mujica's consent is not required for removal because, as outlined above, Mujica has been improperly joined in this lawsuit.  *See, e.g., Rico v. Flores*, 481 F3d 234, 239 (5th

Cir. 2007) (explaining consent of an improperly-joined defendant is not required); *Jernigan v. Ashland Oil Inc.,* 989 F.2d 812, 815 (5th Cir.1993) (same).

## IV.
### VENUE IS PROPER

**10.**     Venue is proper in this Court under 28 USC §1441(a), because this district and division embrace the place in which the removed State court action has been pending.  Specifically, the Dallas County Judicial District Court is within the district and division of the United States District Court of the Northern District of Texas, Dallas Division. *See* 28 U.S.C. §124(a)(1).

## V.
### DEFENDANT HAS COMPLIED WITH ALL PROCEDURAL REQUIREMENTS

**11.**     As required under 28 U.S.C. §1446(a), copies of all process, pleadings, and orders served upon Defendants are attached to this Notice of Removal, and includes the following:

- **Exhibit A:** Index of Matters Being Filed;

- **Exhibit B:**  Docket sheet from State court;

- **Exhibit C:** Plaintiff's Original Petition;

- **Exhibit D:** Rust-Oleum's citation return;

- **Exhibit E:** Ball Corporation's citation return;

- **Exhibit F:** AutoZone defendants' citation returns;

- **Exhibit G**: Mujica's citation return;

- **Exhibit H**: Rust-Oleum's Original Answer; [1]

- **Exhibit I:** Rust-Oleum's Certificate of Interested Persons;

- **Exhibit J:** Ball Corporation's Original Answer;

---

[1] On June 15, 2020, Rust-Oleum filed an Answer in the state court proceeding. *See* **Exhibit H**; FED. R. CIV. P. 81(c)(2) ("After removal, repleading is unnecessary unless the court orders it.").

Page **8** of 12

- **Exhibit K:** AutoZone & Mujica's Original Answer;

- **Exhibit L:** Plaintiff's Jury Demand;

- **Exhibit M:** Rule 11 Agreement between AutoZone and Plaintiff; and

- **Exhibit N:** List of Counsel of Record.

12.     On filing of this Notice of Removal, Defendant will promptly provide written notice to Plaintiff and file a copy of this Notice of Removal with the clerk of the state court where the suit has been pending, in accordance with 28 U.S.C. § 1446(d).

13.     In the event this Court subsequently identifies a defect in this Notice of Removal, Defendant respectfully requests this Court to grant Defendant leave to amend this Notice and cure the defect. *See, e.g., Sutton v. Advanced Aquaculture Sys., Inc.*, No. 07-CV-175-XR, 2007 WL 1032339, at *1 (W.D. Tex. April 3, 2007) (explaining "Defendants may still amend their notice of removal after the expiration of the original 30-day time limit for removal."); *Lafayette City-Parish Consol. Government v. Chain Elec. Co.*, No. 11–1247, 2011 WL 4499589, *7 (W.D. La. Sept. 23, 2011)(explaining "defendants may freely amend the notice of removal required by section 1446(b).").

14.     By filing this Notice of Removal, Defendant does not waive any legal defenses, but expressly reserves its right to raise any and all legal defenses in subsequent pleadings in this Court.

15.     This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required under 28 U.S.C. §1446(a).

**VI.**

<u>C**ONCLUSION**</u>

WHEREFORE, Defendant represents that Defendant has complied with the removal statutes set forth above, and thus, this case stands removed from the 101st Judicial District Court of Dallas County to the United States District Court for the Northern District of Texas, Dallas Division.

Respectfully submitted and signed pursuant to Federal Rule of Civil Procedure 11,

**G**ERMER **B**EAMAN **& B**ROWN**, P.L.L.C.**
301 Congress Avenue, Suite 1700
Austin, Texas 78701
(512) 472-0288 Telephone
(512) 472-9260 Facsimile

By: _____
    Gregg R. Brown
    State Bar No. 03129010
    grb-svc@germer-austin.com
    Maria Korzendorfer
    State Bar No. 24102040
    mkorzendorfer@germer-austin.com

**ATTORNEYS FOR DEFENDANT**
**RUST-OLEUM CORPORATION**

## CONSENT TO REMOVAL

Defendants Ball Corporation and AutoZone hereby expressly consent to removal of this matter from the 101st Judicial District of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division.

| | |
|---|---|
| */s/ Dawn S. McCord* | */s/ Henry S. Wehrmann* |
| Dawn S. McCord | Henry S. Wehrmann |
| State Bar No. 24002934 | State Bar No. 21076400 |
| dawn.mccord@faegredrinker.com | henry@fghwlaw.com |
| **FAEGRE DRINKER BIDDLE & REATH LLP** | **FARROW-GILLESPIE HEATH WITTER LLP** |
| 1700 Main Street, Suite 5400 | 1700 Pacific Avenue, Suite 3700 |
| Dallas, Texas 75201-7367 | Dallas, Texas 75201 |
| Telephone: (469) 357-2500 | Telephone: (214) 361-5600 |
| Facsimile: (469) 327-0860 | Facsimile: (214) 203-0651 |
| ***ATTORNEYS FOR DEFENDANT*** | ***ATTORNEYS FOR AUTOZONE AND*** |
| ***BALL CORPORATION*** | ***ALAN MUJICA*** |

## <u>CERTIFICATE OF SERVICE</u>

I certify by my signature above that a true and correct copy of the above and foregoing has been served on all attorneys of record on June 23, 2020.

Luis Bartolomei                    ***Via E-Mail:  luis@thebartolomeifirm.com***
Dana J. Mays                       ***Via E-Mail:  dmays@thebartolomeifirm.com***
The Bartolomei firm
3710 Rawlins Street, Suite 1601
Dallas, TX  75219
***Attorneys for Plaintiff***

Dawn S. McCord                  ***Via E-Mail:  dawn.mccord@faegredrinker.com***
Faegre Drinker Biddle & Reath LLP
1717 Main Street, Suite 5400
Dallas, TX  75201
**Attorney for Ball Corporation**

Henry S. Wehrmann             ***Via E-Mail:  henry@fghwlaw.com***
Farrow-Gillespie Heath Witter LLP
1700 Pacific Avenue, Suite 3700
Dallas, TX  75201
***Attorney for Defendants***
***Autozone, Inc.,***
***Alan Mujica,***
***Autozone West, LLC, and***
***Autozone Texas, LLCs***

_____
Gregg R. Brown